## No. 4856.

### CITY OF NEW ORLEANS *v.* ESTHER KLEIN.

The ground that the assessors and city administrators were not legally appointed, can not be urged in this proceeding. There is a law providing for the settlement of such questions.

The objection that the parish tax, the school tax and the police tax embraced in the bill are for purposes of State institutions, and are unconstitutional, because not uniform, is without force.

The constitution does not require that every tax shall be assessed throughout the State, but that taxation by the State shall be uniform throughout the State. The taxes now in question are local taxes, levied by the city in accordance with the statutes of the State, for the objects specified as applicable to the territorial limits of the city.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *George S. Lacey*, City Attorney, for plaintiff and appellee. *J. Livingston*, for defendant and appellant.

HOWELL, J. This suit is for the taxes of 1871, payable in 1872. The defense is that the taxes exceed the authority conferred; that the defendant can not be made to pay taxes for a debt created by the city before her property was brought within the limits of the city; that the assessors and city administrators were not legally appointed; that the park tax, the school tax and the police tax, embraced in the bill, are for purposes of State institutions, and unconstitutional because the tax is not uniform throughout the State, and that two of the ordinances, fixing two items in the bill, were adopted after the month of December, in which month alone the Council had power to assess any tax for the ensuing year.

The first two grounds of defense are disposed of in the case of City *v.* Estate of Burthe, just decided, except as to three-quarters of one per cent., which were authorized by special statutes on the subject.

The third ground as to the official tenure of the said officers can not be urged in this proceeding. There is a law providing for the settlement of such questions.

The next ground, as to the nature of the public park, the public

schools and the metropolitan police, we are unable to perceive the appropriateness or force of the objection. The constitution does not require that every tax shall be assessed throughout the State, but that taxation by the State shall be uniform throughout the State. The taxes now in question are local taxes, levied by the city in accordance with statutes of the State, for the objects specified as applicable to the territorial limits of the city.

The last ground, as to the date of the ordinances being subsequent to the month of December, was disposed of in the case of the City v. Crescent Mutual Insurance Company, 25 An. 390.

There is error, however, in allowing interest for one year before the taxes were due.

It is therefore ordered that the judgment appealed from be amended by allowing interest thereon from thirty-first July, 1872, instead of thirty-first July, 1871, and that as thus amended it be affirmed; costs of appeal to be paid by appellee.